UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESSICA BERK

                           Plaintiff,

         -against-                                          20-CV-1548 (LLS)

SENIOR CITIZEN RENT INCREASE                                ORDER TO AMEND
EXEMPTION (SCRIE) and DISABLED
RENT INCREASE EXEMPTION (DRIE),

                           Defendants.

LOUIS L. STANTON, United States District Judge:

        Plaintiff, appearing *pro se*, brings this action under the Americans with Disabilities Act of

1990 (ADA), alleging that Defendants violated her rights. By order dated March 24, 2020, the

Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma*

*pauperis* (IFP). For the reasons set forth below, the Court grants Plaintiff leave to file an

amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, using the Court's general complaint form, brings this action against two New York City programs – the Senior Citizen Rent Increase Exemption (SCRIE) and the Disabled Rent Increase Exemption (DRIE).[1] She asserts that Defendants violated her rights under the ADA by denying her application for benefits.

---

[1] The SCRIE program exempts qualified senior citizens living in rent-controlled, rent-stabilized, and certain other rent-regulated apartments from paying rent increases. Similarly, the DRIE program protects eligible disabled tenants from rent increases. *See* N.Y. Real Prop. Tax Law § 467–b; N.Y. City Admin. Code §§ 26–405(m) *et seq.,* 26–406, and 26–509. If a tenant qualifies under either program, her rent amount is frozen, and the City of New York gives the landlord a property tax credit that is equal to the tenant's future rent increases. *See*

Plaintiff alleges the following as the facts of her case, verbatim:

Me & my mother qualifies for SCRIE and DRIE (Ex A & B). My mother and I are disabled according to ADA laws. My mother died. I do not have identification. I was denied SCRIE and DRIE because I do not have ID.

Advocates for Justice took care of my mother as guardian. They helped me and my mother stay in our apartment.

I would like this court to give me an injunction as identification, and have SCRIE & DRIE accept my case and refund the money that was taken from us because they did not give me reasonable accomodations for my disability.

(*Id*. at 5-6.) Plaintiff asserts that as a result of Defendants' actions, she became homeless.

Plaintiff attaches as exhibits to the complaint, instructions for submitting application forms for the SCRIE and DRIE programs to the New York City Department of Finance.

## DISCUSSION

### I.      Claims against SCRIE and DRIE

Plaintiff names as defendants SCRIE and DRIE, programs administered by the New York City Department of Finance and the New York City Department of Housing Preservation and Development. But she cannot sue the programs nor the agencies that administer them because they are not entities that can be sued. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York,

http://www.nyc.gov/html/dof/html/property/property_tax_reduc_drie.shtml.

and directs the Clerk of Court to amend the caption of this action to replace SCRIE and DRIE with the City of New York. *See* Fed. R. Civ. P. 21.

## II.    ADA Claims

Plaintiff invokes the ADA, alleging that she suffers from a disability and that Defendants failed to reasonably accommodate that disability when they denied her SCRIE and DRIE benefits. The ADA prohibits discrimination against the disabled in major areas of life. The statute consists of three parts: Title I, 42 U.S.C. § 12111 *et seq*., which prohibits discrimination in employment; Title II, 42 U.S.C. § 12131 *et seq*., which prohibits discrimination by public entities; and Title III, 42 U.S.C. § 12181 *et seq*., which prohibits discrimination in access to public accommodations. *PGA Tour, Inc. v. Martin,* 532 U.S. 661, 675 (2001). Plaintiff's assertions may implicate Title II, the provision providing that no person shall be excluded from participation in or be denied the benefits of a public entity by reason of a disability. *See* 42 U.S.C. § 12132.[2]

To state a claim under Title II of the ADA, a plaintiff must allege that she has a qualified disability, that the defendant is subject to the statute, and that she was denied access to covered services, programs, or activities because of her disability. *See McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012). The ADA defines a disability as "[a] physical or mental impairment that substantially limits one or more major life activities . . . or being regarded as having such an impairment." 42 U.S.C. § 12102(1)(a-c). The statute requires that disabled individuals receive

---

[2] Plaintiff's claims may also implicate the Rehabilitation Act of 1973, 29 U.S.C. § 794, which prohibits disability-based discrimination in federally funded programs. *See Bryant v. N.Y. Educ. Dep't,* 692 F.3d 202, 216 (2d Cir. 2012). Claims under the ADA and the Rehabilitation Act are analyzed similarly. *Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016).

"reasonable accommodations" that allow them to have access to and take a meaningful part in public services. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 273-74 (2d Cir. 2003).

Even based on a liberal reading of Plaintiff's allegations, the complaint does not state a claim under the ADA. Although Plaintiff identifies herself as an individual with a disability, she does not state the nature of her disability and she does not allege facts suggesting that the City of New York discriminated or retaliated against her because of that disability. The complaint is completely devoid of facts, or even allegations, suggesting that Defendants' denial of SCRIE and DRIE benefits to Plaintiff was motivated by any discriminatory animus or ill will based on her disability. In fact, Plaintiff specifically states that she was denied SCRIE and DRIE benefits because she lacked identification. Because Plaintiff does not provide any factual allegations suggesting that any defendant discriminated against her on the basis of her disability, she fails to state a claim for relief under Title II of the ADA.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is not clear that amendment would be futile, the Court, in an abundance of caution, grants Plaintiff leave to amend the complaint to assert facts in support of a discrimination claim under the ADA.

## LEAVE TO AMEND

Plaintiff is granted leave to amend her complaint to detail her ADA claims. First, Plaintiff must name as the defendants in the caption[3] and in the statement of claim those individuals who

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, she should write "see attached list" on the first page of the Amended Complaint. Any

were allegedly involved in the deprivation of her federal rights. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

The Court strongly encourages Plaintiff to call the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in

---

defendants named in the caption must also be discussed in Plaintiff's statement of claim.

civil lawsuits in this Court. They may be able to help her obtain the identification she appears to need. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently **only** available by telephone.

## CONCLUSION

The Court dismisses the Senior Citizen Rent Increase Exemption and the Disabled Rent Increase Exemption programs as Defendants from this action. The Clerk of Court is directed to amend the caption of this action to replace these Defendants with the City of New York. *See* Fed. R. Civ. P. 21.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-1548 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

This order is to be mailed in chambers.

SO ORDERED.

Dated:   March 31, 2020
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

# <u>Notice For Pro Se Litigants</u>



As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call <u>212-659-6190</u> and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.



NYLAG
New York    Legal Assistance Group

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

## A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B. If you checked Diversity of Citizenship

### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                 Middle Initial        Last Name

_____

Street Address

_____

County, City                              State              Zip Code

_____

Telephone Number                    Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                    State                    Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                    State                    Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                    State                    Zip Code

Defendant 4: _____

First Name                Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City           State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.