UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA BERK,<br><br>                      Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, et al.,<br><br>                      Defendants. | 20-CV-1548 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint under the Americans with Disabilities Act of 1990 (ADA), alleging that Defendants violated her rights by denying her rent subsidies. On March 31, 2020, the Court granted Plaintiff leave to amend her complaint within sixty days. Plaintiff submitted an amended complaint on June 11, 2020. After reviewing the submission, the Court dismisses this action for the reasons set forth below.

## BACKGROUND

      The Court assumes familiarity with the underlying facts of this case as summarized in the Court's March 31, 2020 order. Plaintiff, alleging that she suffers from a disability, brought claims against the Senior Citizen Rent Increase Exemption (SCRIE) and the Disabled Rent Increase Exemption (DRIE), two programs administered by the New York City Department of Finance and the New York City Department of Housing Preservation and Development. She asserted that Defendants failed to reasonably accommodate her disability when they denied her SCRIE and DRIE rent subsidy benefits after her mother's death. But Plaintiff also stated that she was denied SCRIE and DRIE benefits because she lacked identification.

In the March 31, 2020 order, the Court dismissed Plaintiff's claims against SCRIE and DRIE, finding that she could not sue the programs or the agencies that administer them because they were not entities that can be sued. The Court then held that Plaintiff failed to state a claim under the ADA because the complaint was completely devoid of facts, or even allegations, suggesting that Defendants' denial of SCRIE and DRIE benefits to Plaintiff was motivated by any discriminatory animus or ill will based on her disability, which she did not identify. Because it was not clear that amendment would be futile, the Court, in an abundance of caution, granted Plaintiff leave to amend the complaint to assert facts in support of a discrimination claim under the ADA.

In the amended complaint, Plaintiff now names the City of New York as a defendant, along with ten John and Jane Doe defendants. She asserts that she "is disabled due to a permanent, painful wound and pernicious anemia, among other things" that affect her "life functions" and that she is deemed disabled by Social Security, "the [g]old standard for [ADA] protection." (ECF No. 6, at 1 ¶ 1.) Plaintiff alleges that she and her mother – Ruth Berk – lived in a rent-controlled apartment on Christopher Street in Manhattan and because of Plaintiff's disability and her mother's age, they received rent subsidies under SCRIE and DRIE. When her mother's health was declining, Arthur Schwartz of Advocates for Justice became her mother's guardian and trustee and handled the details concerning their rent and subsidies.[1] Plaintiff indicates that there were recurring issues with their SCRIE and DRIE subsidies – at some point, they were denied an "enormous discount" under SCRIE and DRIE because Plaintiff could not

---

[1] Plaintiff asserts that Schwartz "influenced" her mother to change her will and establish an irrevocable trust that benefitted Advocates for Justice upon her mother's death. Plaintiff also suggests that the matter has not yet been settled. (ECF No. 6, 2 ¶ 5.) She attaches to the amended complaint her mother's irrevocable trust. (*Id*. at 9-33.)

produce an ID, which was held by her mother "who took care of this issue"; and they had a dispute with their landlord, which resulted in them receiving a "substantial settlement." (*Id*. at 2 ¶¶ 8, 11.)

Plaintiff asserts that after her mother's death,[2] her application for renewal or recertification for SCRIE and DRIE benefits was denied because she again could not produce an ID. After the denial, her former landlord was able to remove the apartment from rent control and place it back on the rental market at market rate. Plaintiff again invokes the ADA, but now also asserts that she was denied a property interest in violation of the Fourteenth Amendment because the "requirement of an ID was an unnecessary impingement in her ability to receive the right of a benefit to which she is entitled to given that she is otherwise identifiable." (*Id*. at 3 ¶ 15.) She also asserts that "since she was under the care of her mother for her identification, she was taken advantage of by SCRIE and DRIE," and that the programs "were not helpful, understanding, . . . or sympathetic despite having decades of interaction and her disability." (*Id*. at 3 ¶ 18.)

## DISCUSSION

**A.     Disability Discrimination Claim**

Plaintiff's ADA claim must again be dismissed for the same reason stated in the Court's March 31, 2020 order. She again fails to allege any facts suggesting that the City of New York discriminated or retaliated against her because of that disability. Like her initial pleading, the amended complaint is devoid of any facts suggesting that Plaintiff was denied SCRIE and DRIE benefits because of her disability. Rather, it is clear that Plaintiff was denied the subsidies because she failed to produce identification.

---

[2] Plaintiff attaches her mother's death certificate to the amended complaint, which states that her mother died on June 8, 2018. (ECF No. 6, at 7.)

**B.     Denial of Due Process Claim**

As Plaintiff asserts that the City of New York is depriving her of a property interest without due process by requiring her to produce an ID to receive SCRIE and DRIE benefits, the Court will also consider whether she asserted any viable constitutional claim under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." Where a plaintiff sues a defendant "to enforce procedural due process rights, a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (citation omitted). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (citations omitted). Generally, due process requires some kind of hearing prior to a final deprivation of an individual's liberty or property interest. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003).

Here, Plaintiff makes an assertion that she was denied a property interest without due process, but she does not explain how she was denied due process. Public assistance benefits "have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause." *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005) (quoting *Goldberg*, 397 U.S.at 262 & n.8). But Plaintiff does not allege any facts suggesting that she was deprived of any interest without an opportunity to be heard.

4

The Court surmises from Plaintiff's assertions that she applied for renewal or recertification of SCRIE and DRIE subsidies, and because she could not produce an ID, her application was denied. But Plaintiff does not allege that she appealed the decision through the Department of Finance's administrative appeal process,[3] or that she sought further review of an adverse appeal decision in the state courts through an Article 78 proceeding under N.Y.C.P.L.R. § 7801 *et seq.*, which has been found to be constitutionally adequate procedures to challenge adverse determinations in connection with government entitlement programs. *See Banks v. HRA*, 2013 WL 142374, at *3 (E.D.N.Y. Jan. 11, 2013); *Vapne v. Eggleston*, No. 04-CV-565 (NRB), 2004 WL 2754673, at *5 (S.D.N.Y. Dec. 1, 2004). As Plaintiff could appeal the denial of SCRIE and DRIE benefits through the Department of Finance and could then seek further review in state court in an Article 78 proceeding, she fails to state a claim for denial of due process.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend. The Court dismisses this action for failure to state a claim on which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] In accordance with the statutory provisions governing the SCRIE and DRIE programs, *see* N.Y. Real Prop. Tax Law § 467–b; N.Y. City Admin. Code §§ 26–405(m) *et seq.,* 26–406, and 26–509, the Department of Finance puts out a guide for tenants. The guide provides that a tenant can appeal a decision regarding SCRIE and DRIE benefits through the Department of Finance's administrative appeal process. If the tenant disagrees with the results of the appeal process, she may then then file an appeal in the New York State Supreme Court. *See* https://www1.nyc.gov/assets/finance/downloads/pdf/brochures/scriedriebrochure.pdf.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action, filed under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is also instructed to terminate all other pending matters.

SO ORDERED.

Dated:   August 4, 2020
           New York, New York

                                                  _Louis L. Stanton_
                                                    Louis L. Stanton
                                                          U.S.D.J.